UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH C. McGHEE-BEY, | |
| Plaintiff, | 1:21-CV-6396 (LTS) |
| -against- | BAR ORDER UNDER |
| UNITED STATES OF AMERICA, et al., | 28 U.S.C. § 1915(g) |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Joseph C. McGhee-Bey appears *pro se* in this action. By order dated August 23, 2021, the Court: (1) noted that while Plaintiff Joseph C. McGhee-Bey has been a prisoner, he has filed three federal civil actions that were dismissed as frivolous or for failure to state a claim on which relief may be granted, and (2) ordered Plaintiff Joseph C. McGhee-Bey, within 30 days, to either pay the $402 in fees to bring this action or show cause by declaration why the Court should not regard him as barred, under the Prison Litigation Reform Act's ("PLRA") "three-strikes" rule, 28 U.S.C. § 1915(g), from filing federal civil actions *in forma pauperis* ("IFP") while he is a prisoner. Plaintiff Joseph C. McGhee-Bey has neither paid the fees nor filed a declaration within the time allowed.

## CONCLUSION

The Court finds that while Plaintiff Joseph C. McGhee-Bey has been a prisoner, he has filed three federal civil actions that are deemed strikes because they were dismissed as frivolous or for failure to state a claim on which relief may be granted. Because Plaintiff Joseph C. McGhee-Bey has failed to file a declaration as previously ordered, the Court regards him as barred, under 28 U.S.C. § 1915(g), from filing federal civil actions IFP while he is a prisoner, unless he is under imminent danger of serious physical injury. The Court warns Plaintiff Joseph

C. McGhee-Bey that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court dismisses Plaintiff Joseph C. McGhee-Bey's claims without prejudice under the PLRA's "three-strikes" rule.[1] *See* 28 U.S.C. § 1915(g). This order closes this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff Joseph C. McGhee-Bey and note service on the docket.

SO ORDERED.

Dated:   October 27, 2021
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

[1] Plaintiff Joseph C. McGhee-Bey may commence a federal civil action by paying the fees to bring such an action, which currently total $402 per federal civil action. If he does so, that action will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).